# EXHIBIT "A"

4824-3955-8434, v. 1



## 2nd Judicial Circuit: Leon County Judicial Website

Hosted By The Leon County Clerk of Courts

| Navigation | Notes | Calendar | File Requests | Print | Help |

### Full Case View

Previous Page

**37 2015 CA 000540 - CAMPBELL, GAUGE vs WAFFLE HOUSE INC**

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
|  | WAFFLE HOUSE INC , | DEFENDANT | PRO SE | ACTIVE |
|  | CAMPBELL, GAUGE | PLAINTIFF | JAMES GARRITY | ACTIVE |
|  | CAMPBELL, GAUGE | PLAINTIFF | MARIE A MATTOX | ACTIVE |

[Click here for the service list]

Top of Page

| Action Dscr | Status | Status Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 3/4/2015 |  |  | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|

Top of Page

**Judges Appearing on Case**

| Last Name | First Name | Date Assigned | Current Assigned Judge | Source |
|---|---|---|---|---|
| DEMPSEY | ANGELA | 3/5/2015 8:47:40 AM | Y | BM |

Top of Page

[ CLICK HERE TO VIEW ALL IMAGES ON THIS CASE, INCLUDING THOSE NOT TIED TO DOCKET ENTRIES. ]

**DOCKET TABLE HEADERS ARE SORTABLE. CLICK FOR ASCENDING, AGAIN FOR DESCENDING ORDER**
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | Docket Code | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|
| 3/4/2015 | CCS | CIVIL COVER SHEET |  |  | BM |
| 3/4/2015 | COMP_CA | COMPLAINT |  |  | BM |
| 3/4/2015 | SUIS | SUMMONS ISSUED |  |  | BM |
| 3/5/2015 | RECEIPT | PAYMENT $410.00 RECEIPT #1004048 |  |  | BM |
| 3/5/2015 | RECEIPT | PAYMENT $13.00 RECEIPT #1004423 |  |  | BM |
| 3/5/2015 | a002 | JUDGE DEMPSEY, ANGELA C: ASSIGNED |  |  | BM |
| 3/26/2015 | NAPR | NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES |  |  | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| COPIES | $13.00 | $13.00 | $0.00 | $0.00 |

Top of Page

**Ar Plan**

| PaymentPlanID | Ordered Amt | Paid | Dismissed | Balance | Delinquent |
|---|---|---|---|---|---|

Top of Page

**Restitution**

LastOrBusinessName Firstname RestitutionID RestitutionType RestitutionAmount AmountPaid AmountOutstanding

Top of Page

Filing # 24499997 E-Filed 03/04/2015 08:28:10 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u> COUNTY, FLORIDA

Case No.: <u>2015 CA 000540</u>
Judge: _____

GAUGE CAMPBELL
Plaintiff
  vs.
WAFFLE HOUSE INC
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure $250,00 or more
    - ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☒  No ☐

**III.**  **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☒ Non-monetary
   ☒ Non-monetary declaratory or injunctive relief;
   ☒ Punitive

**IV.**  **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>2</u>

**V.**  **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

**VI.**  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.**  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Marie A Mattox</u>      FL Bar No.: <u>739685</u>
   Attorney or party                                                    (Bar number, if attorney)

<u>Marie A Mattox</u>      <u>03/04/2015</u>
   (Type or print name)                                                 Date

Filing # 24499997 E-Filed 03/04/2015 08:28:10 PM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
| | 2015 CA 000540 |
| **GAUGE CAMPBELL,** | CASE NO.: 15-CA- |
| | FLA BAR NO.: 0739685 |
| Plaintiff, | |
| vs. | |
| **WAFFLE HOUSE, INC.,** | |
| Defendant. | |
| _____/ | |

## COMPLAINT

Plaintiff, GAUGE CAMPBELL, hereby sues Defendant, WAFFLE HOUSE, INC., and alleges:

### NATURE OF THE ACTION

1.  This is an action brought under Leon County Ordinance, Chapter 9, Article II, Chapter 760, Florida Statutes and 42 U.S.C. §2000e <u>et seq.</u>

2.  This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3.  At all times pertinent hereto, Plaintiff, GAUGE CAMPBELL, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to gender. Plaintiff is also a member of a protected class due to his sexual orientation.

4.  At all times pertinent hereto, Defendant, WAFFLE HOUSE, INC., has been organized and existing under the laws of the State of Florida and conducted business in Tallahassee, Leon County, Florida. At all times pertinent to this action, Defendant has been an

1

"employer" as that term is used under the applicable laws identified above.

5   Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6.   Plaintiff began his employment with Defendant on May 12, 2012, and held the position of Server at Defendant's #1418 restaurant i at the time of his wrongful termination on July 15, 2014.

7.   During Plaintiff's employment he was subjected to disparate treatment due to his gender.

8.   The mistreatment came at the hands District Manager Phuong Le, an Asian male; Internal Investigator Martha Henson, a white female and Server Ratna Amin, an Indian female.

9.   Plaintiff was subjected to an internal investigation due to a comment he allegedly made to co-worker Ratna Amin.   Plaintiff was fired.

10.   Plaintiff vehemently denied making the comment.  The real reason Plaintiff was terminated was due to gender discrimination as he was treated differently than his female co-workers, specifically but not limited to Jamie Graves and Ratna Amin, with respect to but not limited to discipline, verbal and written reprimands, physical appearance, auditing of his tickets and criticism of his voice which they considered to be effeminate.

11.   Plaintiff was also discriminated on the basis of his sexual orientation in that Plaintiff is a gay male who is effeminate in the way that he speaks as well as his mannerisms.  Plaintiff, however, was an excellent employee and the Defendant were looking for any reason to terminate him.

12.   Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under the

applicable statutes.

## COUNT I
## GENDER DISCRIMINATION

13. Paragraphs 1-12 are re-alleged and incorporated herein by reference.

14. This is an action against Defendant for gender discrimination.

15. Defendant has taken action and allowed action to be taken against Plaintiff because of his gender. During Plaintiff's employment with Defendant, he was the victim of disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem.

16. Then after notice of other forms of discrimination described more fully herein, Defendant delayed in taking action against and caused additional harassment and harm to Plaintiff.

17. The actions taken against Plaintiff were frequent, repetitive, offense, unwelcome and were based on Plaintiff not fitting the general description of a "male."

18. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

19. Defendant knowingly condoned and ratified the discrimination set forth above. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

20. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the laws applicable to this action.

21. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to equitable/injunctive relief.

## COUNT II
## VIOLATION OF LEON COUNTY ORDINANCE CHAPTER NINE, ARTICLE II

22. Paragraphs 1-12 are re-alleged and incorporated herein by reference.

23. This is an action against Defendant for discrimination based upon sexual orientation brought under Leon County Ordinance, Chapter 9, Article II. Specifically, subsection 9-27(a)(1), which states: It shall be a discriminatory practice for an employer to...discharge...or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privilege of employment because of...sexual orientation." This action includes a disparate treatment claim.

24. Plaintiff has been the victim of discrimination because of his sexual orientation in that Plaintiff was treated differently than similarly situated employees of Defendant who were outside of his protected class and was subject to hostility and poor treatment on the basis, at least in part, of his sexual orientation.

25. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

26. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

27. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sexual orientation based nature and in violation of the laws set forth herein.

28. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination on contrived allegations.

29. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon sexual orientation in violation of Leon County Ordinance Chapter Nine, Article II.

30. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and injunctive/equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

   (b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

   (c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

   (d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

   (e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

   (f) grant such other further relief as being just and proper under the circumstances.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 4th day of March 2015.

              Respectfully submitted,

              /s/ Marie A. Mattox
              Marie A. Mattox
              MARIE A. MATTOX, P.A.
              310 East Bradford Road
              Tallahassee, FL 32303
              (850) 383-4800 (telephone)
              (850) 383-4801 (facsimile)
              Marie@mattoxlaw.com
              joshua@mattoxlaw.com
              michelle2@mattoxlaw.com

              ATTORNEYS FOR PLAINTIFF

Filing # 25371738 E-Filed 03/26/2015 03:26:44 PM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
| GAUGE CAMPBELL, | CASE NO.: 37 2015 CA 000540 |
| Plaintiff, | FLA BAR NO.: 539211 |
| vs. | |
| WAFFLE HOUSE, INC., Defendant. _____/ | |

## NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The undersigned, James Garrity, now appears as counsel of record for Plaintiff. Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), hereby designates his primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on him at the following Primary and Secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on him at the physical address listed below.

Primary E-Mail Address:   jim@mattoxlaw.com
jimgarritycell@gmail.com
elizabeth@mattoxlaw.com

Secondary E-Mail Address:   michelle2@mattoxlaw.com (for scheduling matters)

Respectfully submitted

/s/   James Garrity
James Garrity (FBN: 539211)
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone:   (850) 383-4800
Jim@mattoxlaw.com
Jimgarritycell@gmail.com
Michelle@mattoxlaw.com

**CERTIFICATE OF SERVICE**

I hereby certificate that a copy of the foregoing was served via electronic mail on March 26, 2015.

/s/   James Garrity
James Garrity

~2~